Dear Ms. Moore:
You advise this office that a justice of the peace, unspecified in your correspondence, refuses to use one of the two constables in his ward, but instead continues to appoint another individual to execute service. Such an action violates R.S. 13:3478, providing:
 § 3478. Constable or deputy constable to act when not disqualified or unwilling or unable to act
 When there is a constable or duly appointed deputy constable not disqualified to act because of relationship, or unable to act on account of sickness or other cause, and who is willing to act, and who is personally present when conservatory writs are sued out, then and in these cases, the justice of the peace for whose ward said constable or his duly appointed deputy constable to the exclusion of the sheriff or his deputy, or a special deputy constable, to execute all orders, citations, summons, seizures, and writs in civil cases, and in such cases services made by other than said constable or his duly appointed deputy constable shall be void and of no effect.
The statute provides that where the constable or his deputy is not disqualified or otherwise unable or unwilling to act, service made by another individual is "void and of no effect."
In the event that the constable or his deputy is unable or refuses to act, a justice of the peace may allow another party to serve papers for his court. R.S. 13:3477 provides:
 § 3477. Inability or refusal of constable or deputy constable to act; employment of sheriff or deputy; appointment of special deputy constable
 In case of the inability or refusal to act on the part of the constable or a duly appointed deputy constable because of relationship, sickness, or from other causes in civil suits, and in case of the execution of conservatory writs in civil suits, and justices of the peace may employee either the sheriff or his deputy or appoint a special deputy constable to execute all orders, citations, summons, seizures, and writs.
A justice of the peace is governed by the Code of Judicial Ethics. It is suggested you consult with the Judicial Administrator for resolution of all questions falling within the ambit of the Code of Judicial Conduct. The Judiciary Commission of the Louisiana Supreme Court may be contacted at 301 Loyola Avenue, Room 109, New Orleans, Louisiana, 70112, and by phone at (504) 568-8299.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams